JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral argument by the Appellant. It is
ORDERED and Adjudged that the judgment of the District Court be affirmed.
Appellant has failed to “show a fair and just reason for requesting the withdrawal” of his guilty plea. See Fed.R.CrimP. 11(d)(2)(B). We review the district court’s denial of a motion to withdraw a plea for abuse of discretion, considering three factors: “(1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government’s ability to prosecute the case; and (3) whether the guilty plea was somehow tainted.” United States v. Curry, 494 F.3d 1124, 1128 (D.C.Cir.2007).
First, Appellant has failed to assert a “viable claim of innocence” because there was ample evidence supporting the count to which he pled guilty — conspiracy to distribute and possess with intent to distribute 50 or more grams of cocaine. Although Appellant alleges he was not found in possession of cocaine, “[a] person can be found guilty on a theory of conspiracy ... without ever having touched the drugs at issue.” Id. Appellant also has failed to show his guilty plea was “somehow tainted” by the alleged ineffective assistance of counsel. Nothing in the record suggests his counsel’s performance was deficient, and, in any event, Appellant has not demonstrated “there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” United States v. Hanson, 339 F.3d 983, 990 (D.C.Cir.2003).
Finally, Appellant argues the district court abused its discretion by denying his request for an evidentiary hearing on his ineffective assistance claim. Although we “[ojrdinarily” expect the district court to hold an evidentiary hearing when a defendant seeks to withdraw a guilty plea based on an ineffective assistance of counsel claim, “some claims of ineffective assistance of counsel can be resolved on the basis of the trial transcripts and pleadings alone.” United States v. Taylor, 139 F.3d 924, 932 (D.C.Cir.1998). Here, Appellant’s own “representations ... at the plea hearing as to the adequacy of counsel and the knowing and voluntary nature of his plea ... ‘constitute a formidable barrier’ to his later refutations.” Id. at 933 (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Appellant’s allegations are belied by the transcript of the Rule 11 colloquy and “ ‘in the face of the record are wholly incredible.’ ” Id. The district court therefore properly denied Appellant’s motion for an evidentiary hearing and motion to withdraw his guilty plea.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *183 See Fed. R.App. P. 41(B); D.C.Cir. Rule 41.